**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Luis Roberto MARTINEZ–ROSALES,**
**Defendant—Appellant.**

**No. 05–30385.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2006.*

Decided Jan. 25, 2006.

George F. Darragh, Jr., Esq., USGF— Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Esq., FDMT— Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

### MEMORANDUM **

Luis Roberto Martinez–Rosales was charged with and pleaded guilty to illegal reentry of a previously deported alien in violation of 8 U.S.C. § 1326(a). Martinez– Rosales was sentenced to an 18–month term of imprisonment followed by two years of supervised release, and appeals the reasonableness of that sentence under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 765–66, 160 L.Ed.2d 621 (2005).[1]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

Martinez–Rosales claims that the sentence imposed by Judge Haddon was unreasonable in light of the preamble to 18 U.S.C. § 3553(a), which provides that the sentence is to be "sufficient, but not greater than necessary." This claim is unpersuasive because Judge Haddon properly considered the applicable section 3553(a) factors in determining Martinez–Rosales' sentence. Section 3553(a)'s preamble is accomplished by consideration of those factors.

Next, Martinez–Rosales asserts that "[w]hile the district court reviewed each of the four (4) purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2), it nevertheless failed to specifically address each factor as it related to Mr. Martinez–Rosales." This assertion is also unpersuasive because three of the four purposes of sentencing set forth in section 3553(a)(2) turn on the consideration of the defendant's past and potential future criminal conduct, which Judge Haddon specifically considered. The fourth purpose of sentencing involves consideration of the defendant's need for education or vocational training or medical care. 18 U.S.C. § 3553(a)(2)(D). Martinez–Rosales did not request, or indicate that he desired, training or medical care during the sentencing hearing, nor has he done so on appeal. Therefore, Judge Haddon properly considered the purposes of sentencing, as applied to Martinez–Rosales, in determining the sentence imposed.

We conclude that the district court properly calculated the Guidelines range, relied on the appropriate statutory criteria in setting a sentence, and imposed a sentence that is reasonable.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.